441 F.2d 1162
 Kenneth Brian ROBERTS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 30643 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 April 7, 1971, Certiorari Denied June 21, 1971, See 91 S.Ct.
2269.
 
 James F. Mulla, Jr., New Orleans, La., for petitioner-appellant.
 Gerald J. Gallinghouse, U.S. Atty., Michael H. Ellis, Asst. U.S. Atty., New Orleans, La., for respondent-appellee.
 Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit judges.
 PER CURIAM:
 
 
 1
 Kenneth Brian Roberts has appealed from the District Court's denial, after an evidentiary hearing, of his motion to vacate conviction and sentence, 28 U.S.C. 2255. We affirm.
 
 
 2
 The appellant was convicted after a trial by jury on two counts charging counterfeiting violations.[1] He did not take a direct appeal.
 
 
 3
 Appellant contends that the prosecution introduced an incriminating statement made by him while he was in custody and without his having been given adequate Miranda warnings. He also contends that perjured testimony was used in connection with the incriminating statement.
 
 
 4
 The incriminating statement in question was made by Roberts in the course of a conversation with a police officer at a coffee stand in the corridor of the Criminal Courts Building in New Orleans, Louisiana. The conversation took place in the presence of Roberts' attorney, who urged Roberts, without success, not to talk with the officer. The officer was an acquaintance of Roberts and was not engaged in an investigation of Roberts or of the offense with which he was subsequently convicted.
 
 
 5
 The District Court found that Roberts was not in custody at the time, that his counsel was present, and therefore, no Miranda warning was required. This finding was supported by the record.
 
 
 6
 The perjury charge revolves around the police officer's identification of the date of the conversation. The District Court found that the police officer was mistaken about the date and this finding is supported by the evidence.
 
 
 7
 Affirmed.
 
 
 
 [1]
 18 U.S.C. 472, 477